IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FILED/REC'D
2025 JAN -6 P 12:31
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

Kenneth Fowler  -  Plaintiff

VS

Case Number:
23 - CV - 463 WMC

Oshkosh Correctional Institution - Brian Cahak, Worden
Wisconsin Department Of Corrections - Jared Hoy - Secretary
Tracy Thompson - A.P.N.P. Oshkosh Correctional - HSU
Julie Ludwig - HSU Manager, Oshkosh Correctional   -   Defendants.

## Plaintiff's Second Amended Complaint:

### Introduction

(1). This is a civil rights action brought pursuant to the United States Constitution, as amended, 42 U.S.C. section 1983, the Americans With Disabilities Act and the Rehabilitation Act; seeking redress for defendant's deprivations, under Cover of State Law of Plaintiff's rights, privileges, and immunities secured by the Constitution and laws of the United States, the Americans with Disabilities Act and the Rehabilitation Act.

(2). At all times herein mentioned, at least two (2) or more of the defendants instituted, affirmed and maintained by decisions and actions, a policy, practice, procedure and custom pursuant to which, Plaintiff, has been and continues to be denied equal opportunity to fully participate in programs, services, and activites, or, benefit from such programs, services and activities at Oshkosh Correctional Institution (OSCI hereinafter).

(3). Plaintiff seeks;
  a) declaratory judgment declaring that exclusion from such programs, services and activities constitutes an unconstitutional

1.

   a) deprivation of rights, and is violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Americans with Disabilities Act (ADA hereinafter); and the Rehabilitation Act (RA hereinafter).

   b) an order enjoining defendants from further implementation, and/or enforcing the policy, practice, procedure, and custom of such exclusions from programs, services, activities and/or the benefits from same programs, services and activities, without reasonable justification;

   c) compensatory damages for the injuries caused by defendant's unlawful conduct and prolonged wanton pain and suffering, as well as punitive damages in significant substance to deter future repetitions of these actions, inactions or omissions, by defendants, their agents, employees and/or successors for such intentional, targeted, reckless and criminal disregard for the well-settled constitutional laws of the United States and the State of Wisconsin.

(4). Plaintiff has claims of deliberate indifferance to his serious medical needs in violation of the Eighth Amendment to the United States Constitution, against defendants; OSCI Oshkosh Correctional Institution, Julie Ludwig and Tracy Thompson.

### Jurisdiction and Venue

(5). This action arises under the Eighth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. Section 1983; 42 U.S.C. 12132 and 29U.S.C. 794(a).

(6). The jurisdiction of this Court is predicted on 28 U.S.C. 1331, 1343 (a) 4, 1367 (a) and 2201-2202.

(7). The Western District of Wisconsin is appropriate under 28 U.S.C. 1391.

(8). Plaintiff request this Court assume jurisdiction on all state law issues contained in the complaint under 28 U.S.C. 1367 (a).

(9). Plaintiff request a trial by jury on all issues. Parties:

(10). Plaintiff, Kenneth Fowler, is an inmate within the Wisconsin

State prison system, housed at OSCI in Oshkosh, Wisconsin in Winnebago County, Wisconsin.

(11). Defendant, Oshkosh Correctional Institution is a public entity, supervised as a division of the Wisconsin Department of Corrections. Brian Cahak is the current Warden; Brian Cahak, should replace defendant Eplett in name only as the Warden represents Oshkosh Correctional Institution. As such public entity existing under and by virtue of the laws of Wisconsin and is responsible for the policy, practice, procedures, supervision, implementation, training and conduct of all matters carried on and about Oshkosh Correctional Institution, including the Health Service Unit of OSCI.

(12). Defendant, Wisconsin D O C., with Jared Hoy, secretary named as representative of this public entity existing under the virtue and laws of the United States and the State of Wisconsin, is responsible for the police, practice, customs, procedures, supervision, implementation, training and conduct of all matters within the Wisconsin Prision System, including approving matters that are conducted at OSCI through the Division of Adult Institutions, an administrative division of the Wisconsin D O C..

(13). Defendant, Tracy Thompson, is an adult citizen, employed by the Wisconsin D O C. at the OSCI.- Health Service Unit. As such, she at all times herein mentioned is responsable for rendering adequate medical care and treatment that meets reasonable professional standards, judgment and practice to all assigned inmates to her care, such as Plaintiff, Kenneth Fowler.

(14). Julie Ludwig, is an adult citizen, whom at all times relevant herein mention was employed by the Wisconsin D O C. as the Health Services Unit Manager at OSCI..

(15). The public entity defendants: OSCI. and Wisconsin D O C both accept federal funds to implement and provide programs, services and activities that benefit inmates.

(16). The United States Constitution prohibits public entities, such as OSCI and WI D O C. from denial of treatment for serious medical needs by discriminatory exclusion from programs, services and activities due to disability.

(17). defendants do continue implementation and enforcement of this illegal, and unconstitutional policy, practice, custom and procedure of unreasonable exclusion from adeqate and equal access to programs, services and activitis; due to Plaintiff's lack of the cognitive ability to learn, inability to read; and his learning disability, in bad-faith, and in blatant disregard of clearly established constitutional law.

(18). Defendants, individually, jointly or aggregate share the responsability for the custody and control of all inmates within the custody of OSCI, and participated willingly and knowingly, affirmatievly with the disparate treatment in medical services, programs and treatment to Plaintiff by unwritten agreement and/or clearly knowingly, recklessly failed to prevent, stop or investigate the continuation of the practice, policy, custom and/or decisions that are/were plainly unconstitutional.

(19). Pursuant to defendants' unwritten policy, custom and practice, in addition to defendants knowingly acquiescence of the same by co-defendants, Plaintiff was and still is unconstitutionally subjected to denial medically effective treatment for his serious medical needs, solely because of his disability, which is lack of cognitive learning ability, lack of ability to read, reason and cipher. Which equates to lack of adequate access to programs, services and activities and the benefits of said programs, services and activities, by unconstitutional exclusion in discriminate practices under policy, practice, procedure, customs and decisions of the defendants.

(20). As a direct and proximate result of the unlawful, and intentional denial of equal access to programs, services, and activities pursuant to policy, custom, procedure and practice decisions that have deprived Plaintiff of his guaranteed Constitutional protections, Plaintiff suffered prolonged wanton and unnecessary pain; Now suffering emotional and psychological pain and mental anguish, with feelings of inadequacy, low-self esteem, depression and anxiety.

(21). As a direct and proximate result of the unlawful and inconstitutional denial of equal access to the programes, services and activities pursuant to defenfant's policy, practice, procedure, and custom, the Plaintiff has suffered and continues to suffer emotional and psychological pain, humiliation, mental torment and immeasurable injury.

(22). Plaintiff repeats, reiterates, and re-alleges with the same force and effect as is fully set-forth here at length, each and every allegation alleged and set-forth in Paragraphs No. 1 - 27 of this Second Amended Complaint.

(23). By implementing, promulgating, affirming, ratifying, and continuing to enforce, and/or effectuate the herein described policy, practice, procedure and custom as to Plaintiff, who has been and continues to be excluded by reason of disability from equal access to and from participation in programs, services and activities and the benefits from such programs, services, and activities is unreasonably and unconstitioally in voilation of the Eight and Fourteenth Amendments to the United States Constitution; each of the above-mentioned defendants have deprived and will continue to deprive Plaintiff of rights, liberties, freedoms, remedies, privileges and immunities guaranteed to every citizen of the United States in violation of 42 U.S.C. Section 1983; 42 U.S.C. Section 12132 and 29 U.S.C. 794(a) as well as the rights guaranteed by the Eighth and Fourteenth Amendment of the United States Constitution and each in turn failed

5.

to prevent the promotion and advancement of this unlawful and unconstitutional policy, practice, procedure and custom.

(24). At all times mentioned, defendants, each of them, acted by virtue and color of state law in their official capacities and within the scope of their positions in employment; and these acts were beyond the scope of their jurisdiction, in the absence of legal authority and willful disregard of the clearly established law, and with specific intent to deprive Plaintiff of the rights guaranteed by the United States Constitution secured by 42 U.S.C. section 1983; the Eighth and Fourteenth Amendments to the United States Constitution.

(25). As a direct and proximate result of the misconduct and abuse of the defendants as set-forth above by the Plaintiff, whom has suffered and continues to suffer immeasurable emotional, psychological, pain, humiliation, prolonged wanton and unnecessary pain and mental anguish.

(26). Beginning in July of 2022, following Plaintiffs release from Waupun Memorial Hospital; Tracy Thompson, doggedly persisted in continuing to switch antibiotics in excess of the 30 days ordered by Dr. Nelson's discharge orders, resulting in a progressly deteriorating and painful non-healing hip wound. A course of treatment defendant Thompson, knew or, should have known after years of the same, to be ineffective as treatment and/or mitigating/relieving pain.

(27). Defendant Thompson, has not communicated any options or reasonings for her plans of care with this Plaintiff, nor has she made available information conveyed through other persons, or, means of options and/or reasoning for the prolonged nature of his wound and the lack of effective treatment to the Plaintiff's disabling condition, evincing deliberate indifference to Plaintiff's serious medical needs.

(28). For more then two(2) years Defendant Thompson, has wantonly inflicted unnecessary, pain and suffering upon this Plaintiff as his condition deteriorated and worsened.

(29). Julie Ludwig, as early as October of 2022, has repeatedly turned a blind eye to numerous HSR'S, Health Service Requests, addressed/directed to her in complaint of the exclusion of equal access to medical treatment and care services purported by Defendant Tracy Thompsom.

(30). The few times Defendant Ludwig wrote a response, it was always, "I'll meet with you soon, to discuss." After two years, Plaintiff can not even identify Julie Ludwig, because, she has not meet with him. Nor has she intervened and prevent the actions/inactions and/or omissions of Tracy Thompson.

(31). Julie Ludwig as the Health Services Unit-Manager, was deliberately indifferent to the prolonged wantonly inflicted pain and suffering as Plaintiff's condition deteriated over more then two (2) years, yet, defendant Ludwig consciously chose not to intervene or interview PLaintiff.

(32). Defendant Ludwig, allowed the Constitutional violations of Plaintiff's rights committed by Defendant Thompson to continue unimpeded due to her reckless and negligent breach of duty in violation of Wisconsin State law.

(33). Defendant Thompson's action/inactions and omissions alleged herin, if true are violations of Wisconsin State law.

(34). Plaintiff, is a qualified individual with a disability within the meanings pursuant to 42 U.S.C. 12103; and is denied the access to, and benefits of programs, services and activities within OSCI, due to his disability and his status as one disabled.

(35). Plaintiff, is a person with an extensive record and history of clearly being regarded as one who is disabled.

7.

(36). Plaintiff re-alleges paragraphs 1-35.

(37). Plaintiff has no adequate relief available to him, without the forum of this Honorable Court.

(38). All administrative remedies available to Plaintiff have been pursued and exhausted to no avail.

Wherefore Pleadings Considered, Kenneth Fowler, prays that this Honorable Court will grant him;

A. Injunctive Relief, that may immediately save his ability to walk, by obtaining a hip replacement;

B. Declaratory judgment that Plaintiff's Constitutional Rights pursuant to the Eighth and Fourteenth Amendments have been violated, with the ADA/RE as well by these defendants in their official capacities.

C. Award Compensatory Damages against each defedant public entity in a significant amount not less than $200,000 against each, jointly and seperately; with punitives not less then $375,000 against eash or decided by jury;

D. Award Conpensatory Damages against defendants Ludwig and Thompson each in an amount not less then $125,000 against each, for each 12 month-period suffered by the Plaintiff; currently in excess of two (2) 12 month periods; and punitives in an amount set by a jury or not less than $500,000 against each defendants Ludwig and Thompson;

E. Plaintiff's cost in suit;

F. Trial by jury on all triable issues; and

G. Any other relief deemed equitable, fair and just by this Honorable Court.

Verification of Complaint as Amended

As to the matters alleged and stated in the Amended Complaint, I, Kenneth Fowler, hereby verify that these matters are true and correct, except as to those matters alleged and stated on information and belief, and as to those matters, I sincerely believe them to be true and correct.

I certify this Amended Complaint under penalty of perjury and law, asserting that the attached Amended Complaint is true and correct.

Dated this __31__ day of __December__ 20__24__

Respectfully Submitted,

Pro se - *Kenneth Fowler* (signature)

Kenneth Fowler  84903

Oshkosh Correctional Institution

P.O. Box 3310

Oshkosh, Wisconsin. 54903-3310

9.