IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH FOWLER,

                Plaintiff,

v.

OSHKOSH CORRECTIONAL INSTITUTE,
Brian Cahak, Warden,
WISCONSIN DEPARTMENT OF CORRECTIONS,
Jared Hoy, Secretary,
JULIE LUDWIG, and
TRACY THOMPSON,

                Defendants.

OPINION AND ORDER

23-cv-463-wmc

      In previous orders, the court dismissed plaintiff Kenneth Fowler's complaint for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure. (Dkts. ##10 & 12.) Plaintiff had alleged that staff at Oshkosh Correctional Institution ("Oshkosh") violated his federal constitutional and statutory rights when they: (1) were deliberately indifferent to his potential hip infection, which could prevent a hip reimplantation surgery; and (2) failed to communicate with him in accordance with his needs under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA"). The court explained that his allegations against defendant Thompsom did not support an inference of deliberate indifference to his pain, and his remaining allegations did not suggest that the named defendants were *personally* involved with his care, let alone deliberately indifferent to his medical needs. Additionally, the court noted that plaintiff had failed to allege how defendants denied access to healthcare by virtue of disability for his claim under the ADA. However, the court gave Fowler an opportunity to file a second amended complaint

clarifying his claims and providing fair notice to specific defendants of the basis for his claims against them.

Fowler has now filed a second amended complaint (dkt. #13) that the court must screen under 28 U.S.C. § 1915(e)(2). In Fowler's second amended complaint, he substituted the former secretary of the Wisconsin Department of Corrections ("DOC") for DOC and former Oshkosh warden for Oshkosh. The second amended complaint realleges his claims under the Eighth Amendment, providing greater detail about defendants' connection to his claims and involvement with his allegedly deficient medical care, reasserts his claims under the ADA, and adds claims under the Fourteenth Amendment and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* ("RA"). However, for the reasons discussed below, plaintiff's allegations do not state an actionable claim under the Eighth Amendment, the Fourteenth Amendment, the ADA, or the RA. Accordingly, plaintiff's lawsuit will be dismissed.

OPINION

I. Eighth Amendment Claim

As to his Eighth Amendment claim, plaintiff alleges that following his hip replacement surgery in 2022 (1) Oshkosh Nurse Practitioner Tracy Thompson has persisted in treating him with antibiotics beyond the 30 days ordered by his doctor; (2) Oshkosh Health Services Unit ("HSU") Manager Ludwig never followed up with plaintiff despite his complaining about "problems" he was having with defendant Thompson throughout the two plus years he has been receiving treatment; (3) Oshkosh Warden Cahak is ultimately responsible for adjudicating any complaints plaintiff files at Oshkosh;

2

and (4) Secretary Hoy is "responsible for the polic[y], practice, customs, procedures, supervision, implementation, training and conduct of all matters within the Wisconsin Prison System." However, none of these allegations state an Eighth Amendment claim.

The Eighth Amendment requires prison officials to provide inmates with humane conditions of confinement and to take reasonable measures to guarantee inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials specifically violate the Eighth Amendment by responding with deliberate indifference to a medical condition that presents an "objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008)). In the prison medical context, deliberate indifference may be *inferred* when the defendant's conduct is (1) "blatantly inappropriate," *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996), or (2) "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). The court will again assume for purposes of screening that plaintiff's post-surgical wound did not heal properly, contributing to his pain and discomfort (and perhaps even preventing other possible solutions to his underlying condition, including a second hip replacement), but the allegations in his second amended complaint still fail to suggest deliberate indifference by any of the named defendants for two independent reasons.

*First*, even if plaintiff disagreed with defendant Thompson's decisions surrounding treatment of his post-surgical hip wound, his allegations fail to suggest that she was deliberately indifferent to his pain when she continued to treat plaintiff with antibiotics beyond the 30 days ordered in his discharge papers. Moreover, "the Eighth Amendment

3

does not give prisoners the right to demand specific medical treatment, let alone treatment by a specific provider." *Christopher v. Liu*, 861 F. App'x 675, 680 (7th Cir. 2021). Further, medical professionals are "entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008) (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)). This is particularly true when decisions are required in an institutional setting involving pain medications and treatment. *E.g.*, *Burton v. Downey*, 805 F.3d 776, 785-86 (7th Cir. 2015) (doctor's refusal to prescribe narcotic did not violate detainee's constitutional rights despite another doctor's prescription for it); *see also Snipes* 95 F.3d at 592 ("Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations"). Plaintiff's amended complaint does not suggest Thompson ignored his pain, only that he disagreed with her treatment decisions. Though plaintiff alleges that he has been on antibiotics for over two years and needs a fluid-draining pump to treat his surgical incision, or should instead receive a second hip replacement, he is *not* a medical professional and "is not competent to diagnose himself, and he has no right to choose his own treatment." *Lloyd v. Moats*, 721 Fed. App'x 490, 495 (7th Cir. 2017).

*Second,* as to defendants Ludwig, Cahak, and Hoy, plaintiff again seeks to hold them accountable solely by virtue of their supervisory positions as the Oshkosh HSU Manager, Oshkosh Warden, and DOC Secretary, respectively. Yet a prison official cannot be held liable under 42 U.S.C. § 1983 by virtue of their supervisory position alone. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals

4

merely for their supervisor role). Instead, to maintain a claim against a supervisory defendant, a plaintiff must allege facts showing that the defendant had sufficient *personal* responsibility over the allegedly unconstitutional conduct. Said another way, the facts must support a finding that the supervisor "directed the conduct causing the constitutional violation, or . . . it occurred with [their] knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001) (internal citations omitted). Here, none of plaintiff's allegations currently suggest that defendants Ludwig, Cahak, and Hoy played any role in his medical treatment. Even with respect to HSU Manager Ludwig, plaintiff merely claims that Ludwig ignored his messages regarding "problems" he was having with Nurse Practitioner Thompson but does not allege that she was on notice of plaintiff's specific complaints about his hip.

**II. Fourteenth Amendment Equal Protection Claim**

The Equal Protection Clause prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called "class of one." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). The typical equal protection case involves discrimination by race, national origin or sex. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). However, plaintiff has only alleged discrimination based on his learning disability which has not been recognized as a protected class by the U.S. Supreme Court.

Additionally, a class-of-one equal protection claim requires that plaintiff be treated differently from others "identical or directly comparable to the plaintiff in all material respects." *Reget* 595 F.3d at 695. However, plaintiff fails to identify other similarly situated

5

persons who have been treated more favorably. Accordingly, plaintiff has not adequately stated an equal protection claim.

**III. ADA and RA Claims**

Plaintiff also seeks to proceed against all defendants on a claim under the ADA and RA. As noted in earlier orders, it is an open question whether state offices are immune from suits under the ADA. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012). As a result, where an ADA claim is questionable, the court will follow the Seventh Circuit's suggestion to construe the claim under the Rehabilitation Act *Id.*

A claim under § 504 of the RA has four elements: (1) an individual with a disability; (2) who was otherwise qualified to participate; (3) but who was denied access solely by reason of disability; (4) in a program or activity receiving federal financial assistance (which all state departments of corrections do). *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012). Here, plaintiff alleges that he has a learning disability impairing his ability to read communications with defendants, which on its face meets the pleading requirements of both the ADA and RA; indeed, the DOC's obligation to provide accommodations for his disability was the subject of a prior lawsuit before this court. *Fowler v. Wall*, No. 14-cv-028 (W.D. Wis. Jan. 13, 2014).

Here, Plaintiff has amended his complaint to include a proper defendant for a RA claim, the DOC. However, like his first complaint, plaintiff fails to allege sufficient facts for a defendant to be given notice or a reasonable jury to find *how* the DOC denied him access to healthcare and programs by virtue of his disability. Rather, plaintiff repeats that Nurse Thompson is denying him adequate care because of his disability and the emotional

6

and psychological pain this denial has caused. Therefore, plaintiff will not be granted leave to proceed on his RA claim.

In sum, plaintiff again fails to state a claim upon which relief can be granted. Accordingly, plaintiff may not proceed on these claims against defendants, and the court will dismiss this lawsuit.

## ORDER

IT IS ORDERED that:

1) Plaintiff Kenneth Fowler's second amended complaint (dkt. #13) is DISMISSED for failure to state a claim upon which relief can be granted.

2) The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes," or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals in forma pauperis unless he is in imminent danger of serious physical injury).

3) The clerk is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered this 12th day of June, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge